Juez Asociada Se-ñora Rodríguez Rodríguez,
al que se une la Jueza Aso-ciada Señora Fiol Matta.
Tal es, mi buen amigo, lo que digo que en todas las ciudades es idénti-camente justo: lo conveniente para el gobierno constituido. Y éste es, según creo, el que tiene el poder; de modo que, para todo hombre que discurre bien, lo justo es lo mismo en todas partes: la conveniencia del más fuerte.

Platón

(1)

Nuevamente, esta Curia se niega, implícitamente, a re-conocer a una parte el derecho que le asiste a ser escuchada.
Por las razones que a continuación exponemos, entende-mos que la mayoría se ha equivocado al declarar con lugar la Moción urgente en torno a Resolución de 8 de noviembre de 2011, a los fines que se elimine del récord la Dúplica a Oposiciones a Alegato de las Recurridas.
I
El 8 de noviembre de 2011, este Tribunal emitió una Resolución mediante la cual se negó a conceder una pró-rroga de diez (10) días a la parte recurrida. Adujo, básica-mente, que la moción presentada el 13 de octubre de 2011, si bien estuvo dentro del término reglamentario estable-cido, no la presentó una parte en el pleito. En cuanto a la *378 moción de prórroga presentada el 20 de octubre de 2011 señaló que un simple cálculo aritmético demuestra que fue presentada a destiempo. Véase Resolución del Tribunal de 8 de noviembre de 2011. Por no estar de acuerdo con el criterio mayoritario, emitimos un voto particular disidente en el que exponemos los fundamentos por los cuales decla-raríamos ha lugar las solicitudes de prórroga y permitiría-mos presentar un escrito en dúplica a la réplica de la Au-toridad de Energía Eléctrica (AEE) y la Junta de Calidad Ambiental (JCA).
El 9 de noviembre de 2011 compareció ante este Tribu-r nal la AEE y solicitó que, según la Resolución mencionada, elimináramos del expediente el escrito de la parte recu-rrida titulado Dúplica a oposiciones a alegato de las recurridas. Este último escrito se presentó el 3 de noviem-bre de 2011, varios días antes de que la mayoría de este Tribunal decidiera proveer no ha lugar a las mociones de prórroga. No hay duda de que un simple cálculo aritmético deja entrever que, al momento de denegar las mociones de prórroga, este Tribunal ya contaba con el escrito de la parte recurrida en sus autos. Por ello, aprovechamos para reiterar nuestro criterio: nada nos impedía que recibiéra-mos dicho escrito en dúplica, máxime cuando éste ya se encontraba ante este Foro. Muy por el contrario, de permi-tir su presentación, hubiéremos contado con el beneficio de tener un expediente completo que nos permitiera tomar, como dijimos anteriormente, una decisión informada, re-flexiva y concienzuda. No obstante, basándose en un error no substancial, la mayoría decidió no hacerlo. Determinó que, de otra manera, violentaría el Reglamento de este Tribunal.
Sin embargo, hoy decide flexibilizar el mismo Regla-mento que, en una apreciación hiperformalista, se negó a flexibilizar días atrás. En esta ocasión permite que la AEE solicite que se elimine de los autos el escrito en dúplica presentado por la parte recurrida, esto en clara contraven- *379 ción de la Regia 45 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, que concede diez días a la parte perjudicada por una decisión o resolución para solicitar que esta Curia re-considere su determinación. A todas luces, la solicitud que presentó la AEE es prematura.
II
Nuevamente, no podemos pasar por alto que los dere-chos afectados en esta controversia son de la más alta jerarquía. Justamente se trata de vecinos y vecinas impac-tados directamente por la ruta de un enorme gasoducto. Es más, muchos de estos vecinos y de estas vecinas podrían estar dentro del área de despeje establecida para casos de explosiones debidas a fallas y accidentes. No podemos per-der de perspectiva que tenemos ante nuestra consideración un proyecto de gasoducto diseñado para soportar hasta 1,450 libras de presión por pulgada cuadrada. Esto, de por sí, debe ser suficiente para concederle a la parte recurrida los diez días para presentar una solicitud de reconsidera-ción, a la cual tiene derecho.
Esta Curia, de facto, nuevamente impide que un grupo de vecinos y vecinas impactados por un enorme gasoducto accedan a este Tribunal. Frente a esta situación recorda-mos el principio del cuento de Franz Kafka Ante la Ley. “[a]nte la ley hay un guardián. Un campesino se presenta al guardián y le pide que le deje entrar. Pero el guardián contesta que de momento no puede dejarlo pasar. El hombre reflexiona y pregunta si más tarde se lo permitirá. —Es posible— contesta el guardián — , pero ahora no.”(2)

 Platón, La República, Alianza Editorial, 1999, pág. 88. La mencionada cita se le atribuye a Trasímaco. De más está decir que el argumento planteado por éste es rebatido por Sócrates hasta llevarlo a admitir que “la injusticia es cosa hermosa y fuerte y que has de asignarle por añadidura todo aquello que nosotros asignamos a la justicia, puesto que te has atrevido a clasificarla como virtud y discreción”. Id., pág. 106.

 F. Kafka, Ante la Ley, (Henzo Lafuente, trad.).